# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV169
## (1:00CR47-3)

| | |
|---|---|
| KEVIN J. MORRIS, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed August 17, 2004. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of proceedings in the criminal case, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 11, 2000, the Petitioner and four co-defendants were indicted with multiple violations of the Hobbs Act, 18 U.S.C. §§ 1951, *et seq.*, and related firearms violations. **Bill of Indictment, filed July 11, 2000.** The Petitioner was charged with four separate counts of violating 18 U.S.C. § 1951, three counts of using a firearm during crimes of violence, in violation of 18 U.S.C. § 924(c), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id.* On September 18, 2000, the Petitioner pled guilty without benefit of a plea agreement to Count 19 of the indictment, a charge of being a felon in possession of a firearm. **Entry and Acceptance of Guilty Plea, filed September 18, 2000.** On that same date, he began trial on the remaining counts of the indictment. The next day, the Petitioner was acquitted of all the remaining counts of the indictment. **Jury Verdict, filed September 19,**

**2000.** On April 3, 2001, the Petitioner filed a *pro se* motion for leave to withdraw his plea of guilty to Count 19, a motion which was denied on April 10, 2001. **Motion, filed April 3, 2001; Order, filed April 10, 2001.** On August 17, 2001, the undersigned granted the Government's motion for an upward departure and sentenced the Petitioner to 96 months imprisonment. **Judgment in a Criminal Case, filed September 24, 2001.** The Petitioner immediately filed notice of appeal. **Notice of Appeal, filed August 17, 2001.**

On January 17, 2003, the United States Fourth Circuit Court of Appeals affirmed in part the Petitioner's conviction and sentence. *United States v. Morris*, 59 F.App'x 514 (4th Cir. 2003). On appeal, the Petitioner raised the following grounds which were rejected by the Circuit: (1) the undersigned erred by not allowing him to withdraw his guilty plea because he possessed the gun at issue in self-defense; and (2) despite his guilty plea to the gun charge, the Government was required but failed to prove that the gun in question had crossed state lines. *Id.* However, the Circuit vacated the Petitioner's sentence because it could not ascertain from the record the basis on which the undersigned granted the upward departure. *Id*. On March 11, 2003, the undersigned resentenced the

Petitioner without imposing an upward departure. The new sentence was based on the Court's finding that the Petitioner's offense level had been erroneously calculated in the presentence report. **Memorandum and Order, filed March 11, 2003, at 2.** The Court found that the correct offense level should have been based on the Petitioner's use of a firearm in connection with the felony offense of shooting Tyrone Scott. *Id.*, **at 3.** The Court then imposed a sentence of 96 months imprisonment. **Amended Judgment in a Criminal Case, filed March 11, 2003.** The Petitioner once again appealed but the sentence was affirmed by the Fourth Circuit Court of Appeals. *United States v. Morris*, **71 F.App'x 976 (4th Cir. 2003).**

In this motion, which was timely filed, the Petitioner argues that the undersigned erred by applying a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) and his attorney was ineffective for failing to oppose the same.

## II. DISCUSSION

The version of the Guidelines in effect at the time the Petitioner was sentenced provided as follows: "If the defendant used or possessed any

firearm or ammunition in connection with another felony offense . . . increase [the offense level] by 4 levels." **U.S.S.G. § 2K2.1(b)(5).** "Felony offense" was defined as any offense, federal, state or local, which was punishable by imprisonment for a term exceeding one year, "whether or not a criminal charge was brought, or conviction obtained." *Id.*, **comment. (n.7).** In ruling on the Petitioner's second appeal, the Fourth Circuit held as follows:

> Morris appeals, claiming that the district court erred in finding that he used the firearm in connection with another felony offense and thus enhancing his sentence by four levels under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). At Morris' sentencing hearing, the Government presented testimony establishing that, on December 10, 1999, Morris shot and seriously wounded Tyrone Scott. At the conclusion of the hearing, the court specifically found that Morris' shooting of Scott was not done in self-defense. To apply the enhancement under § 2K2.1(b)(5), the Government must prove by a preponderance of the evidence facts that establish that the defendant used a firearm and that such use was in connection with another felony offense. . . . [A]fter hearing testimony from a number of witnesses to the shooting, the district court specifically found no believable evidence that Morris was defending himself at the time he shot Scott or that Scott was armed at the time Morris shot him. Morris cannot show that this conclusion was clearly erroneous. Morris also argues that no separate felony occurred because there were no state charges filed against him as a result of the shooting. However, Application Note 7 to § 2K2.1 provides that a felony offense, "as used in subsection (b)(5), means any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or

> conviction obtained." Morris' conduct (assault with a deadly weapon with intent to kill) clearly constitutes a felony for purposes of § 2K2.1(b)(5).

***Morris*, 71 F.App'x, at 976.** Thus, to the extent these issues in Petitioner's motion have been addressed by the Fourth Circuit on direct appeal, he may not now challenge them collaterally. ***United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004), *cert. denied*, 126 S. Ct. 330 (2005); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *United States v. Rush*, 99 F.App'x 489 (4th Cir. 2004); *United States v. Nwankwo*, 2 F.Supp.2d 765, 772 (D. Md. 1998), *appeal dismissed*, 173 F.3d 426 (table), 1999 WL 134198 (4th Cir. 1999).**

Next, the Petitioner argues that the four level enhancement violates the holding of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where the Court held that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt. Petitioner is mistaken in his belief that *Apprendi* applies to his case because his sentence of 96 months imprisonment is not beyond the prescribed statutory maximum sentence of 120 months. **18 U.S.C. §§ 922(g), 924(a)(2).** The Petitioner has confused

his Guideline range with the statutory maximum; *Apprendi* does not apply to his Guideline range. As long as his sentence did not exceed the statutory maximum prescribed in § 924, there is no *Apprendi* error.

The other ground on which this motion is based is an allegation of ineffective assistance of counsel. The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the trial would have been different. *Id.*, **at 688.**

The Petitioner claims that his attorney was ineffective by failing to object to the four level enhancement. However, the probation officer did

not recommend the § 2K2.1(b)(5) enhancement. The Government filed an objection to the presentence report because the probation officer did not recommend the enhancement; in fact, she recommended against it. Thus, there was nothing in the presentence report to which his attorney could have objected and his attorney was not ineffective.

Petitioner also claims that his attorney should have filed an *Apprendi* objection. However, since there was no *Apprendi* error, no such objection could have been filed. Finally, the Petitioner claims his attorney should have objected pursuant to *Apprendi* because the indictment did not allege the § 2K2.1(b)(5) enhancement. Again, because the sentence did not exceed the statutory maximum, there was nothing to which the Petitioner's attorney could object.

Since the Petitioner's attorney was not ineffective, the second prong of *Strickland* need not be applied. **Strickland, supra**.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct his sentence is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

9

Signed: June 29, 2006

Lacy H. Thornburg
United States District Judge